```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF TEXAS
 2                         HOUSTON DIVISION

 3   UNITED STATES OF AMERICA      .  CR. NO. H-20-239
                                   .  HOUSTON, TEXAS
 4   VS.                           .
                                   .
 5   JOSEPH RAYMOND WEEKS          .  JULY 9, 2020
     RHETT DWAYNE FARRELL          .  2:45 P.M. to 3:09 P.M.
 6

 7
                      TRANSCRIPT of ARRAIGNMENTS
 8          BEFORE THE HONORABLE DENA HANOVICE PALERMO
                   UNITED STATES MAGISTRATE JUDGE
 9


10   APPEARANCES:

11        (All participants appearing by video/Zoom or telephone)

12
     FOR THE GOVERNMENT:            LEO JAMES LEO, III
13                                  Assistant U.S. Attorney
                                    1000 Louisiana
14                                  Suite 2300
                                    Houston, Texas 77002
15

16
     FOR DEFENDANT JOSEPH RAYMOND
17   WEEKS:                         DAVID B. ADLER
                                    David Adler PC
18                                  6750 W Loop S
                                    Suite 120
19                                  Bellaire, Texas  77401

20

21   FOR DEFENDANT RHETT DWAYNE
     FARRELL:                       DARRYL EMMANUEL AUSTIN
22                                  Office of the Federal Public
                                       Defender
23                                  440 Louisiana
                                    Suite 1350
24                                  Houston, Texas  77002

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer-aided transcription.
```

1                         APPEARANCES CONTINUED

2    PRETRIAL SERVICES OFFICER

3

4    OFFICIAL COURT REPORTER:          KATHY L. METZGER
                                       U.S. Courthouse
5                                      515 Rusk
                                       Room 8004
6                                      Houston, Texas   77002

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

P R O C E E D I N G S

*THE COURT:*  The next case I'm calling is United States of America versus Rhett Dwayne Farrell.  Is Mr. Farrell at Corley or is he -- does anybody know the answer to that question?

*MR. LEO:*  He should be at Joe Corley, Your Honor. Jimmy Leo for the government.

*THE COURT:*  Thank you.

*MR. ADLER:*  Judge Palermo --

*THE COURT:*  Yes.

*MR. ADLER:*  -- this is David Adler.  I have a co-defendant with Mr. Farrell.  I don't know if you want to do both of them at the same time.

*THE COURT:*  Oh, yes.  Who?  Is that Weeks, Mr. Weeks?

*MR. ADLER:*  Yes, Your Honor.  Yes, Your Honor.

*THE COURT:*  Okay.  Thank you for bringing that to my attention.  I knew that, but the order gets messed up when they get them.

All right.  And I can have Raymond Weeks -- Joseph Raymond Weeks also?

Okay.  Can you adjust the camera so that I can see both of the defendants?  All right.

And so I'm calling the case of United States of America versus Rhett Dwayne Farrell and Joseph Raymond Weeks, 4:20-cr-239.

14:46:33  1                     And who is Mr. Farrell?  Can you raise your hand

2    for me?

3              *DEFENDANT FARRELL:*  (raised hand)

4              *THE COURT:*  Okay.  And Mr. Weeks?  Okay.  Who's

14:46:44  5    Mr. Weeks?

6              *DEFENDANT WEEKS:*  (raised hand)

7              *THE COURT:*  Okay.  And who's Mr. Farrell?

8              *DEFENDANT FARRELL:*  (raised hand)

9              *THE COURT:*  Okay.  Just trying to confuse me, I see.

14:46:52 10    Okay.  All right.  Thank you.

11                     All right.  So we're here on an arraignment; is

12    that correct?  Who's counsel for Mr. Farrell, please?

13              *MR. AUSTIN:*  Darryl Austin on behalf of Mr. Farrell.

14              *THE COURT:*  Thank you.  And counsel for Mr. Weeks is

14:47:07 15    David Adler?

16              *MR. ADLER:*  That is correct, Your Honor.

17              *THE COURT:*  Okay.  And for the government?

18              *MR. LEO:*  Jimmy Leo for the government, Your Honor.

19              *THE COURT:*  Okay.  So I need to do the -- I need to do

14:47:25 20    the script for the waiver of the in-person hearing first.

21                     All right.  Gentlemen, my name is Dena Palermo,

22    and I'm a United States magistrate judge in the United States

23    District Court for the Southern District of Texas.

24                     We are conducting the court appearances today by

14:47:49 25    video and telephone conference.  You are appearing by video

14:47:53   1   from Joe Corley Detention Center.  You're able to see me on the

2   screen in front of you?

3          *DEFENDANT WEEKS:*  Yes, Your Honor.

4          *DEFENDANT FARRELL:*  Yes, Your Honor.

14:48:01   5          *THE COURT:*  All right.  Now, if at any time you need

6   to speak your lawyer, please let me know and I'll try to give

7   you the opportunity to have a private conversation.

8              And if you don't understand one of my questions,

9   please let me know and I will try to address the issue.

14:48:15  10              Okay.  We have participating in this proceeding,

11   for the U.S. Attorney's Office we have Jimmy Leo and for

12   Mr. Farrell, you heard Darryl Austin is on the line; for

13   Mr. Weeks, you heard David Adler is on the line.  We also have

14   a Pretrial Services officer and a court reporter who's taking

14:48:38  15   down everything that's said so there will be a written record

16   of these proceedings.

17              You are appearing by video from Joe Corley, and

18   everyone else is appearing by video or telephone from various

19   places.  Ordinarily we would all be in the courtroom together.

14:48:52  20   We are conducting these proceedings by video conference.  So

21   it's the new law that the President of the United States signed

22   on March 27th and certain general orders that the Chief Judge

23   of this Court entered and according to the Federal Rules of

24   Criminal Procedure, all of which authorize federal courts to

14:49:10  25   conduct certain criminal proceedings like this one by video or

14:49:13  1   telephone conference with the consent of the defendant.  That's

2   why I'm speaking to you about this now.  I have to get your

3   console to proceed by video on the record.

4        *DEFENDANT WEEKS:*  Yes, Your Honor.

14:49:24  5        *DEFENDANT FARRELL:*  Yes.

6        *THE COURT:*  Okay.  We're conducting this hearing by

7   video and telephone because of the emergency conditions that

8   exist due to the coronavirus pandemic which has had an effect

9   on the functioning of the federal courts.

14:49:36  10            Now, Mr. Austin, have you had a chance to discuss

11  with your client his waiving the right to be physically present

12  in the courtroom for this hearing?

13        *MR. AUSTIN:*  No, we do not have an issue, Your Honor.

14  I have another issue to discuss.  We haven't seen the charging

14:49:59  15  document, but for purposes of this, it's not an issue.

16        *THE COURT:*  Well, it's going to be an issue for the

17  purposes of the arraignment if he hasn't seen the charging

18  document.

19        *MR. AUSTIN:*  I haven't received it either.

14:50:14  20        *THE COURT:*  Okay.  That's great.  All right.  So --

21        *MR. LEO:*  Your Honor, if I may, when they entered the

22  superseding indictment and docket card into ECF, they

23  inadvertently put the sealing, I guess, thinking it was like a

24  sealed document.  So we were not able to access it, but they

14:50:32  25  did clear that up.  So, Mr. Austin should be able to go on ECF

14:50:36  1    now and pull it off, but I don't think that's going to help

2    with his client at this point.

3        *THE COURT:*  It's not going to help unless they can go

4    off and confer on the side and without the government --

14:50:47  5        *MR. AUSTIN:*  Based on the nature of the complaint,

6    it's not an issue.  It's just we haven't seen the document.

7        *THE COURT:*  Okay.  But the issue is that I can't

8    arraign him unless you've discussed it with him.  So --

9        *MR. AUSTIN:*  I haven't seen it.

14:51:01  10       *THE COURT:*  The question is do you want to pull up the

11   document and try to confer with him on the side while I'm

12   conducting these other hearings or do you want me to reset this

13   hearing?

14       *MR. AUSTIN:*  No, I'd like to do it today, but I'll

14:51:14  15   give him a call if I could right now.

16       *MR. LEO:*  I'll send you a copy right now, Darryl.

17       *MR. ADLER:*  Judge Palermo --

18       *THE COURT:*  Yes.  The same thing for your client,

19   right?

14:51:24  20       *MR. ADLER:*  No.  We are prepared to proceed with the

21   arraignment.

22       *THE COURT:*  Okay.  You're prepared.

23       *MR. ADLER:*  I got a copy from Mr. Leo, and I read it

24   to Mr. Weeks a few days ago.

14:51:32  25       *THE COURT:*  Brilliant.  Okay.  So, Mr. Austin, let me

14:51:37  1  see if I can put you in a different breakout room.  I tried to

2  do that earlier and it didn't work, because I think I was just

3  putting the wrong people in the breakout room.  So if I can put

4  you and your client in a breakout room and if --

14:51:53  5       MR. AUSTIN:  Whatever is easiest.

6       THE COURT:  All right.  Maybe you can call, because

7  there's two people in that room, so -- yeah, and we don't want

8  to hear what you're saying.  Okay.  So you call, and I will go

9  forward with -- instead of -- that was -- your client is

14:52:08  10  Farrell.  So I will go forward with Mr. Weeks.  And I will call

11  back up when you've had a chance to discuss, hopefully by the

12  time I finish the arraignments.  All right.  So I'm muting you.

13  Oh, you are muted.  Good.  All right.

14            All right.  So now back to Mr. Weeks and

14:52:30  15  Mr. Adler.  Mr. Adler, we're here on Raymond, correct, on the

16  superseding indictment then?

17       MR. ADLER:  Yes, that is correct, Your Honor.

18       THE COURT:  And are there any new charges that need to

19  be -- that he needs to be made aware of additional penalties?

14:52:50  20       MR. ADLER:  I assume you're asking Mr. Leo that

21  question, right, Your Honor?

22       THE COURT:  Mr. Leo, yes.

23       MR. LEO:  Yes.  Sorry, Judge.  I'm trying to do two

24  things at once.  Yes, sorry, Your Honor.

14:52:59  25       THE COURT:  Can you -- actually before I do anything,

14:53:01  1  I have to go finish this script, which is very long.  I'm

2  sorry.  Okay.  And, of course, we have to do it for everybody.

3         So, Mr. Adler, you've discussed with your client

4  his decision to waive the right to be physically present in the

14:53:14  5  courtroom?

6         MR. ADLER:  I have, Your Honor.

7         THE COURT:  And he waives that right?

8         MR. ADLER:  He waives that right, Your Honor.

9         THE COURT:  And do you believe that it's a knowing and

14:53:22  10  voluntary waiver?

11         MR. ADLER:  Yes, Your Honor.

12         THE COURT:  All right.  So, Mr. Weeks, do you

13  understand that you have the right to appear in person in the

14  courtroom for this proceeding and have everyone else who's

14:53:34  15  participating in this hearing present in the courtroom with

16  you, which I will refer to as a full court hearing?

17         DEFENDANT WEEKS:  Yes, Your Honor.

18         THE COURT:  And have you consulted with your attorney

19  about it?

14:53:44  20  DEFENDANT WEEKS:  Yes, Your Honor.

21         THE COURT:  Do you feel like you've had enough time to

22  discuss it with him?

23         DEFENDANT WEEKS:  Yes, Your Honor.

24         THE COURT:  Do you understand that you if you consent

14:53:51  25  to proceed with this hearing by video, this proceeding will

14:53:54   1  have the same exact effect as if we were in open court and we

2  were all there with you?  You have to speak out loud so the

3  court reporter can get it.

4         *DEFENDANT WEEKS:*  Yes, Your Honor.

14:54:03   5         *THE COURT:*  Thank you.  Do you understand that if you

6  consent to appear by video, you won't be able to complain later

7  that you were denied the opportunity to have a full court

8  hearing for this proceeding?

9         *DEFENDANT WEEKS:*  Yes, Your Honor.

14:54:13  10         *THE COURT:*  Do you also understand that you can change

11  your mind and tell me right now that you want to be physically

12  present in the courtroom for this hearing, but if you do, I

13  will have to postpone this hearing and reschedule it but I

14  couldn't tell you when it would be scheduled for, because

14:54:27  15  currently the Houston courthouse is closed and even when it

16  reopens we're not conducting those kind of hearings in person.

17  Do you understand that?

18         *DEFENDANT WEEKS:*  Yes, Your Honor.  It's fine.

19         *THE COURT:*  All right.  So, has anyone threatened you

14:54:40  20  or made any promises to you to obtain your consent to appear by

21  video?

22         *DEFENDANT WEEKS:*  No, Your Honor.

23         *THE COURT:*  Now, your lawyer has indicated that you

24  wish to waive your right to appear in person and go forward

14:54:52  25  with this hearing by video and telephone.  Considering all that

14:54:55  1  I have said to you, do you still wish to give up your right to

2  a full court hearing in the courthouse for this proceeding?

3      *DEFENDANT WEEKS:*  Yes, Your Honor.

4      *THE COURT:*  And do you consent to conducting this

14:55:04  5  appearance by video and telephone conference?

6      *DEFENDANT WEEKS:*  Yes, Your Honor.

7      *THE COURT:*  Okay.  What's the government's position

8  with regard to proceeding by video and telephone, Mr. Leo?

9      *MR. LEO:*  We're unopposed, Your Honor.

14:55:17  10      *THE COURT:*  And, Mr. Adler, do you think that your

11  client's waiver of his right to appear by -- to appear in

12  person in the courthouse and to consent to the video conference

13  is clearly reflected on the record?

14      *MR. ADLER:*  I do, Your Honor.

14:55:33  15      *THE COURT:*  All right.  I find that the defendant has

16  consented to proceed by video, and we will notate that in the

17  Court's record.

18      Okay.  So, we're here on an arraignment for a

19  superseding indictment.  Mr. Adler, do you waive formal reading

14:55:47  20  of the charges?

21      *MR. ADLER:*  Yes, Your Honor.

22      *THE COURT:*  All right.  Mr. Weeks, have you had a

23  chance to discuss the new charges against you with your

24  attorney?

14:55:54  25      *DEFENDANT WEEKS:*  Yes, Your Honor.

14:55:57  1      *THE COURT:*  And are you ready to enter a plea to the
2      superseding indictment at this time?
3          *DEFENDANT WEEKS:*  Yes, Your Honor.
4          *THE COURT:*  Oh, wait, wait.  Mr. Leo, you're supposed
14:56:06  5      to tell us what the new charges are and the penalty ranges.
6          *MR. LEO:*  Yes, Your Honor.  Mr. Weeks is in Counts 1
7      through 6 and Count No. 9.  Counts 1 through 4 allege
8      seriously -- allege possession with intent to distribute
9      narcotics that resulted in serious bodily injury.  Therefore,
14:56:26 10      the punishment range on Counts 1 through 4 is a minimum of 20
11      years imprisonment up to life and/or a million-dollar fine and
12      at least a three-year supervised release term and a
13      hundred-dollar special assessment fee.
14              Counts 5 and 6 are the counts that he had
14:56:45 15      previously been indicted on.  And they are up to 20 years
16      imprisonment and/or a million-dollar fine, at least three years
17      supervised release and a hundred-dollar special assessment fee.
18              And, finally, Count 9 is a felon in possession
19      charge, which he faces up to ten years imprisonment and/or a
14:57:02 20      fine up to $250,000 and not more than the three years
21      supervised release term.
22          *THE COURT:*  Thank you.
23              All right.  So with that said, are you ready to
24      plead to the indictment?
14:57:17 25          *DEFENDANT WEEKS:*  Are you asking me?

14:57:26   1          THE COURT:  I'm asking you.  Are you ready to plead
          2   to --
          3          DEFENDANT WEEKS:  I just want to be clear.  So my
          4   minimum is 20 years?
14:57:30   5          THE COURT:  On Counts 1 through 4, and Count 5 is up
          6   to 20 years.  So, 1 through 4, which are the new, is 20 years
          7   up to life.  On the old charges, in Counts 5 through 6, it was
          8   up to 20 years; and 9, it was up to 25 years.  Is that right,
          9   Mr. Leo?
14:57:50  10          MR. LEO:  Up to 10 years on No. 9, Your Honor.
         11          THE COURT:  Oh, up to 10 years.  You got it?
         12          DEFENDANT WEEKS:  Yes, Your Honor.
         13          THE COURT:  Okay.  So now, understanding the
         14   charges -- understanding the penalty range on the new charges,
14:58:03  15   are you still ready to plead to the superseding indictment?
         16          DEFENDANT WEEKS:  Not guilty, Your Honor.
         17          THE COURT:  All right.  A not guilty plea has been
         18   entered on your behalf.
         19          Your case has already been scheduled in front of
14:58:17  20   Judge Lake and it's in order, as far as we're concerned, which
         21   is jury trial on July 13, 2020, which is next week.  I don't
         22   think that's happening.
         23          MR. ADLER:  Yeah, Judge.  There's a pending motion for
         24   continuance right now before Judge Lake.
14:58:35  25          THE COURT:  Yeah.  And just for your information,

14:58:37   1   Mr. Adler and Mr. Leo, we got different dates for Mr. Farrell,
           2   and those dates aren't going to work either.  The different
           3   date was an August 17th date.  But because the Court is not
           4   conducting trials before September 1st, that will have to be
14:58:56   5   reset as well.  So, you know, all the dates I guess are just up
           6   in the air at this point.  It doesn't necessarily help anybody,
           7   but that's where we are.  Okay?
           8           MR. ADLER:  Thank you, Judge.
           9           THE COURT:  Nothing else for him, Mr. Adler?
14:59:09  10           MR. AUSTIN:  We are ready, Your Honor.
          11           MR. ADLER:  Nothing else, Your Honor.
          12           THE COURT:  Okay.  You're ready, Mr. Austin?
          13           MR. AUSTIN:  Yes.  Thank you.
          14           THE COURT:  Okay.  So we'll go back to Mr. Farrell.
14:59:17  15       (Discussion at Joe Corley Detention Center, off the record)
          16           MR. LEO:  Oh, no.  Your Honor --
          17           THE COURT:  Yes.
          18           MR. LEO:  -- I think one of the defendants is
          19   threatening the other defendant, Your Honor.
14:59:42  20           THE COURT:  I didn't hear.  I'm sorry.  What was said?
          21           MR. LEO:  He was talking about his wife or something
          22   and -- I don't feel comfortable saying it in front of
          23   everybody, Your Honor, because --
          24           THE CASE MANAGER:  Judge, I just sent you a text
14:59:55  25   message regarding that.

14:59:56    1          THE COURT:  All right.  Let me go look.

            2               Okay.  All right.  So what do we want to do about

            3    that, Mr. Leo?

            4          MR. LEO:  If the marshals are there, can -- we need to

15:00:25    5    separate them for sure at this point.

            6          THE MARSHAL:  They are.  They are separated.

            7    Mr. Farrell is at a restrictive housing segregation.

            8          THE COURT:  Okay.

            9          MR. LEO:  Okay.  Well, I guess it's done now.  So I

15:00:40   10    apologize, Your Honor.  I probably should have let your case

           11    manager know I had some concerns about the two of them being in

           12    there together.  I didn't think he would actually do what he

           13    did though.

           14          THE COURT:  I don't know if that was caught on the

15:00:51   15    record.  Did the court reporter pick that up?

           16          THE COURT REPORTER:  No, Judge.

           17          THE COURT:  Yeah, I was changing files, so I wasn't

           18    paying attention to what they were saying, so I didn't hear it.

           19               Okay.  So now I have -- that was Mr. Weeks.  I

15:01:19   20    now have Mr. Farrell, okay, on the same case number,

           21    4:20-cr-239.

           22               Mr. Austin, do you waive formal reading of the

           23    charges to your client?

           24          MR. AUSTIN:  Yes.

15:01:33   25          THE COURT:  All right.  Mr. Farrell, have you now had

15:01:35  1   a chance to discuss the charges against you with your attorney?

2          *DEFENDANT FARRELL:*  Yes, ma'am.

3          *THE COURT:*  And having discussed those charges in the

4   superseding indictment with your attorney, are you ready to

15:01:45  5   enter a plea at this time?

6          *DEFENDANT FARRELL:*  Yes, ma'am.

7          *THE COURT:*  How do you plead to the superseding

8   indictment, guilty or not guilty?

9          *DEFENDANT FARRELL:*  Not guilty.

15:01:56  10          *THE COURT:*  A not guilty plea has been entered on your

11   behalf.  Your case is before Judge Lake.

12          *MR. LEO:*  Your Honor --

13          *THE COURT:*  Yes.

14          *MR. LEO:*  -- Mr. Farrell has not been -- when he got

15:02:03  15   initialed, he was initialed on different charges.  We added

16   other charges.  So he has not been -- so would you like me to

17   give the punishment range for the charges?

18          *THE COURT:*  Yes.  Give the punishment range for all

19   the charges.  Did I do the -- wait a second.

15:02:18  20          *MR. AUSTIN:*  You need to do the video waiver.

21          *THE COURT:*  Yeah, I was going to say, did I do the

22   video waiver with you?  No, I didn't.

23          *MR. AUSTIN:*  Your Honor, you did, but I stopped you

24   because we had to have the indictment.  So, I mean, we're ready

15:02:30  25   to move through that as well.

15:02:32   1          *THE COURT:* All right.  So I have to go back and do

2     the video waiver first; and, unfortunately, this script is so

3     long.  And I don't know.  I wish that some defense lawyers

4     would come up with a shorter script that everybody would agree

15:02:44   5     to.  It takes such a long time to get everybody to agree to go

6     forward with this video appearance.  But I'm going to start it

7     again for you, Mr. Farrell, just so we can have one coherent

8     discussion.

9          All right.  We're conducting the court appearance

15:02:58  10     today through video and telephone conference, and you're

11     appearing from Joe Corley Detention Center.

12          *DEFENDANT FARRELL:* Right, uh-huh.

13          *THE COURT:* And you heard that we have Mr. Leo, who is

14     here for the U.S. attorney; your attorney, Mr. Austin, is here.

15:03:12  15     We also have a Pretrial Services officer here.  And we have a

16     court reporter taking down everything so that there is a

17     written transcript of this hearing.

18          Now, you're appearing by video from Joe Corley,

19     but everyone else is appearing by video or telephone from

15:03:27  20     various places.  Ordinarily we would all be in my courtroom

21     together.  We're conducting these proceedings by video pursuant

22     to a new law that the President of the United States signed,

23     certain general orders of the Chief Judge of this Court, and

24     the Federal Rule of Criminal Procedures, all of which authorize

15:03:42  25     federal courts to conduct certain criminal proceedings like

15:03:46  1    this one by video or telephone conference with the consent of

2    the defendant, which is what I have to talk to you about now,

3    because I need to get your consent to proceed on the record.

4                    We're conducting the hearing by video and

15:04:00  5    telephone because of the emergency conditions that exist due to

6    the coronavirus pandemic, which had the effect of the

7    functioning of federal -- which affected the functioning of

8    federal courts.

9                    Now, Mr. Austin, you discussed the waiver with

15:04:14 10    your client?

11            MR. AUSTIN:  Yes, Judge.

12            THE COURT:  And does your client agree to waive his

13    right to be physically present in the courtroom?

14            MR. AUSTIN:  Yes.

15:04:30 15            THE COURT:  And do you believe that it's a knowing and

16    voluntary waiver?

17            DEFENDANT FARRELL:  Well, you can answer.

18            MR. AUSTIN:  Yes.

19            THE COURT:  Okay.  Now, Mr. Farrell, do you understand

15:04:42 20    that you have the right to appear in person in the courtroom

21    for this proceeding and have everyone else who's proceeding in

22    the hearing -- who's participating in the hearing present in

23    the courtroom with you, which I will refer to as a full court

24    hearing?

15:04:54 25            DEFENDANT FARRELL:  Yes.

15:04:57 1       *THE COURT:*  And you've discussed that right with your
2  attorney?

3       *DEFENDANT FARRELL:*  Yes, ma'am.

4       *THE COURT:*  Have you had enough time to discuss it
15:05:03 5  with him?

6       *DEFENDANT FARRELL:*  Yes, ma'am.

7       *THE COURT:*  Do you understand that if you consent to
8  proceed with this hearing today by video, it will have the same
9  effect as if you were in open court and we were all there with
15:05:13 10  you?

11       *DEFENDANT FARRELL:*  Yes, ma'am.

12       *THE COURT:*  Do you understand that if you consent to
13  appear by video for today, you will not be able to complain
14  later that you were denied the opportunity to have a full court
15:05:22 15  hearing for this proceeding?

16       *DEFENDANT FARRELL:*  Yes, ma'am.

17       *THE COURT:*  Now, you can change your mind and tell me
18  you want to be physically present in the courtroom; but if you
19  do, I would have to postpone today's hearing and reschedule it
15:05:34 20  and I couldn't tell you when the hearing would go forward
21  because of the impact the coronavirus has had on closing
22  federal courts --

23       *DEFENDANT FARRELL:*  Yes, ma'am.

24       *THE COURT:*  -- including the fact that the court is
15:05:43 25  currently closed.  Do you understand that?

15:05:44  1          *DEFENDANT FARRELL:*  Yes, ma'am.

2          *THE COURT:*  Has anyone threatened you or made any

3  promise to you to obtain your consent today?

4          *DEFENDANT FARRELL:*  I'm sorry.  I couldn't hear you.

15:05:55  5  Could you repeat?

6          *THE COURT:*  Has anyone threatened you or made any

7  promise to you to obtain your consent to appear by video today?

8          *DEFENDANT FARRELL:*  No, ma'am.

9          *THE COURT:*  Your lawyer has indicated that you wish to

15:06:09  10  waive your right to appear in person and go forward with this

11  hearing by video.  Considering all that I have said to you, do

12  you still wish to give up your right to a full court hearing in

13  the courthouse for this proceeding?

14          *DEFENDANT FARRELL:*  Yes, ma'am.

15:06:20  15          *THE COURT:*  And do you consent to conducting this

16  appearance by video and telephone conference?

17          *DEFENDANT FARRELL:*  Yes, ma'am.

18          *THE COURT:*  All right.  What's the government's

19  position with respect to proceeding by video and telephone,

15:06:30  20  Mr. Leo?

21          *MR. LEO:*  We're unopposed, Your Honor.

22          *THE COURT:*  And, Mr. Austin, do you believe that your

23  client -- your client's waiver is clearly reflected on the

24  record?

15:06:39  25          *MR. AUSTIN:*  Yes.

15:06:43  1        THE COURT:  All right.  Then I find that the defendant

2    has waived his right to appear in person and has consented to

3    proceed by video, and we will note that in the Court's record.

4        Okay.  Now, to the arraignment.  Mr. Austin, do

15:06:57  5    you waive formal reading of the charges?

6        MR. AUSTIN:  Yes.

7        THE COURT:  And, Mr. Farrell, you've had a chance to

8    discuss the charges against you with your attorney?

9        DEFENDANT FARRELL:  Yes, ma'am.

15:07:07  10       THE COURT:  All right.  And, Mr. Leo, did you want to

11   tell us what the new charges were and what the penalty ranges

12   were?

13       MR. LEO:  Yes, Your Honor.  Mr. Farrell is in Counts 1

14   through 4, which are possession with intent to distribute

15:07:20  15   offense and conspiracy, possess with intent to distribute.

16       The punishment range for those four counts is a

17   minimum of 20 years imprisonment, up to life imprisonment; a

18   one-million dollar fine and at least a three-year supervised

19   release term and a hundred-dollar special assessment fee.

15:07:38  20       Mr. Farrell is also in Counts 7 and 8, which is

21   two counts of possession with intent to distribute a controlled

22   substance.  And the range of punishment is up to 20 years of

23   imprisonment and/or a million-dollar fine; at least a

24   three-year supervised release term and a hundred-dollar special

15:07:57  25   assessment.

15:07:58  1    *THE COURT:*  Okay.  Having heard those penalty ranges,

2 are you ready to enter a plea at this time, Mr. Farrell?

3    *DEFENDANT FARRELL:*  Yes, ma'am.

4    *THE COURT:*  All right.  How do you plead to the

15:08:11  5 superseding indictment, guilty or not guilty?

6    *DEFENDANT FARRELL:*  Not guilty.

7    *THE COURT:*  All right.  A not guilty plea is entered

8 on your behalf.

9    Your case is set before Judge Lake.  You have a

15:08:19 10 trial setting of August 17th at 1:00 p.m., but that is not

11 going to happen because the courthouse is not resuming jury

12 trials before September 1st at this point.  So that will need

13 to be reset.  Once the Court, you know, knows when we're going

14 to go forward, I don't know how they're going to reset it, but

15:08:39 15 it will be reset sometime after September 1st.

16    Anything else at this time?

17    *DEFENDANT FARRELL:*  No, Your Honor.

18    *MR. AUSTIN:*  Nothing from the defense.

19    *MR. LEO:*  Nothing from the government, Your Honor.

15:08:52 20    *THE COURT:*  Okay.  And are we sure that Mr. Farrell

21 will be separated from Mr. Weeks, so that there won't be any

22 issue?

23    *THE MARSHAL:*  Yes, Judge.  We have them separated

24 here.

15:09:03 25    *THE COURT:*  All right.  As long as there is something

15:09:05   1   in place to make sure that Mr. Farrell is not going to be
           2   injured in any way.
           3          THE MARSHAL:  I'll speak with Mr. Austin, if he wants
           4   to have him moved somewhere else, but right now they are in
15:09:16   5   separate facilities here.
           6          THE COURT:  Okay.  All right.  Mr. Austin, I'm leaving
           7   that to you then.  Okay.
           8          MR. AUSTIN:  Yeah, I'll be following up.
           9          THE COURT:  Okay.  Good luck to you, Mr. Farrell.
15:09:26  10   You're excused.
          11          DEFENDANT FARRELL:  Thank you.
          12      (Concluded at 3:09 p.m.)
          13                              * * *
          14   I certify that the foregoing is a correct transcript from the
          15   record of proceedings in the above-entitled cause, to the best
          16   of my ability.
          17
          18   /s/ _Kathy L. Metzger_____          ___4-3-2022___
               Kathy L. Metzger                     Date
          19   Court Reporter
          20
          21
          22
          23
          24
          25